**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FW ASSOCIATES, LLC, a Nevada limited liability company, ) ) ) Plaintiff, ) ) vs. ) ) WM ASSOCIATES, LLC, an Illinois limited ) liability company, and WILLIAM METROPULOS, ) ) Defendants. ) | Case No. 2018-CV-5081 |

**COMPLAINT**

Comes now the Plaintiff, FW Associates, LLC, by its attorneys, Katten & Temple LLP, and for its Complaint against defendants WM Associates, LLC and William Metropulos states as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff FW Associates LLC ("FW") is a Nevada limited liability company with an office in Las Vegas, Nevada.

2. FW's members (and the constituents of those members) are citizens of the following states: Nevada, California, Kansas, Pennsylvania and Washington, D.C. Accordingly, FW is a citizen of these states for purposes of the diversity jurisdiction of this Court.

3. Defendant William Metropulos ("William") is a citizen of Illinois.

4. Defendant WM Associates, LLC ("WM LLC") is an Illinois limited liability company. WM LLC has four members: William, William's wife Suzanne Metropulos ("Suzanne"), William's son Dimitri Metropulos ("Dimitri") and William's daughter Ashley Metropulos ("Ashley").

1

5. William, Suzanne, Dimitri and Ashley are all citizens of Illinois. Accordingly, WM LLC is a citizen of Illinois for purposes of the diversity jurisdiction of this Court.

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity because all parties are diverse and the amount in controversy exceeds $75,000. In addition, venue is appropriate in this District and Division because a substantial part of the events giving rise to the fraudulent conveyances as set forth below occurred in this judicial District and Division.

**General Allegations**

7. FW is the sole member of Smart Bar USA, LLC ("SB USA"). In addition, an affiliate of FW is the member of a related entity, Smart Bar International, LLC ("SB International").

8. William was previously a member of SB USA and SB International.

9. In or about mid-2013 and into early 2014, FW and William, among other parties, were involved in a dispute concerning the management and ownership of SB USA and SB International.

10. Ultimately, the Members and Managers of SB USA and SB International submitted their dispute for disposition to the American Arbitration Association under case no. 51 20 14000273 (the "Arbitration").

11. The Arbitration proceeding was initiated by FW against William and others on or about March 11, 2014, in Chicago, Illinois.

12. In the Arbitration, FW sought hundreds of thousands of dollars in damages against William based on his malfeasance as a manager and member of SB USA and SB International.

13. The Arbitration proceeding was held in Chicago in November 2014. FW obtained an award of more than $250,000 against William as a result of the Arbitration (the "Arbitration Award").

14. In the Arbitration Award, the Arbitrator further dissociated William as a member of SB USA and SB International.

15. On November 21, 2016, Judge Thomas R. Allen of the Circuit Court of Cook County, Illinois, confirmed the Arbitration Award and entered a final judgment in favor of FW and against William in the total sum of $420,225.24. A copy of the judgment is attached hereto as Exhibit 1 (the "Judgment").

16. After the entry of the Arbitration Award, in other related proceedings, William has taken the position that he transferred or otherwise assigned his membership interests in SB USA and SB International (the "Membership Interests") to WM LLC on July 25, 2014. *See* Assignments of Membership Interests, attached as Exhibits 2 and 3 respectively (the "Membership Transfers").

17. WM LLC is purportedly owned by William and Suzanne and their two children, Dimitri and Ashley. The ownership interests in WM LLC are divided as follows: William 10%, Suzanne 70%, Dimitri 10% and Ashley 10%.

18. No consideration was paid to William for the purported transfer of his Membership Interests to WM LLC.

19. In January 2015, FW offered William a credit of approximately $250,000 against the Arbitration Award in exchange for his Membership Interests. Accordingly, the fact that William purported to transfer such interests for no consideration is indicative that it was made without receipt of reasonably equivalent value.

20. The Membership Transfers are a sham for William to delay and defraud his creditors, namely FW, from collecting on FW's claims against William that existed and were pending in the Arbitration as of the date of the Membership Transfers.

21. Any transfer of William's purported Membership Interests in SB USA and SB International to WM LLC is fraudulent as to FW and/or William's creditors.

22. At the time of the purported Membership Transfers William was a respondent in the underlying Arbitration in which FW and others were seeking monetary damages against William in the six-figures.

23. Indeed, FW and others ultimately prevailed on these very claims against William and that is what culminated in the Judgment being entered against him.

24. Moreover, the purported Membership Transfers were from William to an entity (defendant WM LLC) that is composed entirely of William and other "insiders" (*i.e.* his wife and children).

25. Even after the Membership Transfers, William continued to act and hold himself out as the sole owner, individually, of the Membership Interests despite the purported transfers, continued to assert membership rights individually in both SB USA and SB International and in all material ways retained control over the Membership Interests.

26. For example, William:

    (i) did not notify SB USA and/or SB International (or any of their Members) of the Membership Transfers;

    (ii) participated in the Arbitration individually and continued to assert claims in that proceeding that only a member would have standing to assert;

      (iii)    asserted claims in the Circuit Court of Cook County, the Illinois Appellate Court (First District) and the Illinois Supreme Court, after the Arbitration award was entered, on his individual behalf that only a member would have standing to assert;

      (iv)    specifically claimed in verified pleadings and/or motions filed with these courts that he, individually, continued to be an "owner" of the Membership Interests; and,

      (v)    made demands for access to the books and records of SB USA and SB International on his individual behalf, and not on behalf of the purported holder of the Membership Interests, WM LLC. *See*, *e.g*., Exhibit 4 hereto.

27. It was only after FW initiated collection proceedings in separate litigation that William took the position that his Membership Interests had been transferred to WM LLC pursuant to the Membership Transfers.

28. Accordingly, by any metric the Membership Transfers constitute fraudulent transfers pursuant to the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160, *et seq*. (the "Act").

## COUNT I
## FRAUDULENT TRANSFER – 740 ILCS 160/5(a)(1)

29. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 28 as if fully restated herein.

30. Prior to the Membership Transfers, FW had a pending claim against William the value of which was equal to and/or exceeded the value of his Membership Interests in SB USA and SB International.

31. Subsequent to the Membership Transfers, FW has a claim, evidenced by the Judgment, against William the value of which is equal to and/or exceeds the value of his Membership Interests in SB USA and SB International.

32. Prior to the time William purported to make the Membership Transfers, he knew of FW's claims against him and that it was probable that a judgment would be entered against him as a result of the Arbitration.

33. With the actual intent to hinder, delay and/or defraud FW and frustrate it from collecting on its claims against him, William purported to execute the Membership Transfers and transfer his Membership Interests to WM LLC.

34. As part of the fraud, William kept an artificially low interest in WM LLC of only 10%, with the intent of limiting FW's ability to recover on its claims against his Membership Interests.

WHEREFORE, Plaintiff FW Associates, LLC respectfully requests that this Court enter an order and/or judgment against William Metropulos and WM Associates, LLC, awarding the appropriate relief allowable under the Act or as otherwise provided for by law, awarding Plaintiff its costs and attorneys' fees incurred in vindicating its rights, and awarding Plaintiff such further and additional relief as is appropriate in the premises.

## COUNT II
## FRAUDULENT TRANSFER – 740 ILCS 160/5(a)(2)

35. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 28 and 30 and 31 as if fully restated herein.

36. William purported to transfer his Membership Interests to WM LLC pursuant to the Membership Transfers, without receiving any consideration for such transfer.

6

37. Accordingly, William did not receive reasonably equivalent value for his Membership Interests as part of the transfer.

38. Moreover, at the time of the Membership Transfers William had actual knowledge that he was engaged, and would be further engaged in the future, in transactions (including the pending Arbitration) in which his remaining assets were unreasonably small in relation to the transactions and the potential exposure resulting therefrom.

39. For example, William knew at the time of the Membership Transfers that he might face an adverse judgment in the Arbitration that, at a minimum, would require him to pay hundreds of thousands of dollars of FW's attorneys' fees and costs.

40. As such, William intended or believed, or reasonable should have believed, that he would incur debts beyond his ability to pay as they became due at the time of the Membership Transfer and thereafter.

WHEREFORE, Plaintiff FW Associates, LLC respectfully requests that this Court enter an order and/or judgment against William Metropulos and WM Associates, LLC, awarding the appropriate relief allowable under the Act or as otherwise provided for by law, awarding Plaintiff its costs and attorneys' fees incurred in vindicating its rights, and awarding Plaintiff such further and additional relief as is appropriate in the premises.

## COUNT III
## FRAUDULENT TRANSFER – 740 ILCS 160/6(a)

41. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 28 and 30 and 31 as if fully restated herein.

42. William purported to transfer his Membership Interests to WM LLC pursuant to the Membership Transfers, without receiving any consideration for such transfer.

7

43. Accordingly, William did not receive reasonably equivalent value for his Membership Interests.

44. Moreover, on information and belief, at the time of the Membership Transfers, William was insolvent and unable to pay his debts as they came due.

45. At a minimum, as a result of the Membership Transfers, William became insolvent.

WHEREFORE, Plaintiff FW Associates, LLC respectfully requests that this Court enter an order and/or judgment against William Metropulos and WM Associates, LLC, awarding the appropriate relief allowable under the Act or as otherwise provided for by law, awarding Plaintiff its costs and attorneys' fees incurred in vindicating its rights, and awarding Plaintiff such further and additional relief as is appropriate in the premises.

            Respectfully submitted,

            FW ASSOCIATES, LLC

            By: / s / Joshua R. Diller
                  One of its Attorneys

Mitchell B. Katten (ARDC #6199109)
Joshua R. Diller (ARDC #6289368)
Katten & Temple LLP
The Rookery Building
209 S. LaSalle, #950
Chicago, IL 60604
312-663-0800
mkatten@kattentemple.com
jdiller@kattentemple.com